IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOHAMMAD ZABIHI,

    Plaintiff,

vs.                                        No. CIV 98-1282 JC/DJS

NEW MEXICO DEPARTMENT OF
REGULATION & LICENSING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Defendants' Motion to Dismiss, filed July 20, 1999 *(Doc. 7)*. Defendants move to dismiss this case in its entirety on the following grounds: 1) Plaintiff failed to state a case or controversy; 2) Plaintiff failed to state a 42 U.S.C. § 1983 claim against the state entities and the individual defendants sued in their official capacities; 3) the individual defendants who are sued in their individual capacities are entitled to qualified immunity; 4) Plaintiff failed to state a claim for promissory estoppel; and 5) the state entities and individual defendants sued in their official capacities are not subject to punitive damages. The Court having reviewed the Motion to Dismiss, the memoranda submitted by the parties, and the relevant authorities finds that the Motion to Dismiss is granted in part and denied in part..

**I.    Background**

This is an employment suit based on the failure of Plaintiff to be hired as Executive Director of the Board of Pharmacy. Plaintiff is suing the following state entities: the New Mexico Department

of Regulation and Licensing (RLD), the New Mexico Board of Pharmacy (Board), and the New Mexico Department of Labor's Human Rights Division (HRD). Plaintiff is also suing the following individual defendants in both their individual and official capacities, depending on the appropriate context of the Complaint[1]: Robin Dozier Otten, Esq. (Superintendent of RLD), Gene V. Henley (Deputy Superintendent of RLD), Charles A. Shannon, R.Ph.(Chairperson of the Board), and Richard A. Galaz (Director of HRD).

In 1997, the Board had an opening for an Executive Director. Plaintiff claims that he was qualified for the position and so applied for that position. Plaintiff had previously been "RIFed" from his state employment and so was searching for employment. The RLD interviewed Plaintiff but Defendant Henley subsequently informed Plaintiff that he was not selected. In fact, the Executive Director position has not yet been filled. Plaintiff then filed a race/national origin complaint with HRD. During HRD's investigation of the complaint, both the RLD and the Board asserted that only it had the hiring authority for the Executive Director position. Without resolving the conflicting hiring authority claims and without allegedly providing Plaintiff an opportunity to respond to the contentions of why he was not hired, the HRD dismissed Plaintiff's complaint for not being supported by probable cause. The United States Equal Employment Opportunity Commission (EEOC) agreed with HRD's decision. Plaintiff subsequently received a right to sue letter from the EEOC and so timely filed this federal lawsuit.

Count I of Plaintiff's lawsuit alleges pursuant to Title VII of the Civil Rights Act of 1964, as amended, race/national origin discrimination by the Board/RLD Defendants for not hiring the Plaintiff

---

[1] The Complaint does not specify in which "context" the individual defendants are being sued in their official and/or individual capacities.

as Executive Director of the Board. Count II alleges that the Board/RLD Defendants deprived Plaintiff of his civil rights under 42 U.S.C. § 1983 by not re-employing him as he was entitled to as a RIFed state employee. Plaintiff further contends that on information and belief the Defendants Board/RLD did not wish to hire Plaintiff because of his race/national origin and so "evaded their responsibility to hire him by adopting the subterfuge of not filling the position." Complaint for Damages for Employment Discrimination and Deprivation of Civil Rights, with Jury Demand (Complaint) at ¶ 23, filed Oct. 13, 1998. Count III alleges a deprivation of civil rights by the HRD Defendants and includes an assertion of promissory estoppel. Plaintiff seeks compensatory, punitive, and injunctive relief as well as attorney's fees and costs.

Plaintiff has in his Opposition to Defendants' April 30, 1999 Motion to Dismiss at 6-7, filed July 20, 1999, agreed to dismiss Count III. Dismissal of Count III leaves only the Board, RLD, Otten, Henley, and Shannon as the remaining defendants. The dismissal of Count III also moots Defendants' arguments based on the failure to state a promissory estoppel claim.

**II.     Discussion**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**A.     Case or Controversy**

Defendants argue that Plaintiff has not established a case or controversy as required under Article III of the Constitution. Specifically, Defendants note that there cannot be a case or

controversy since no one has been hired for the Executive Director position. "Article III of the Constitution limits the 'judicial power' of federal courts to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). One of the requirements of a case or controversy is that the plaintiff have "standing" to challenge the action sought to be adjudicated in the lawsuit. *Id.* In order to satisfy Article III, the plaintiff must "'show that he has personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Id.* (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)). A litigant normally must assert an injury that is peculiar to himself or to a distinct group of which he is a part, rather than one shared in substantially equal measure by all or a large class of citizens. *Warth v. Seldin*, 422 U. S. 490, 499 (1975).

To show an injury pursuant to Title VII, Plaintiff must demonstrate a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To do so, one of the elements Plaintiff must demonstrate is "that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Id.* at 802. There is no indication in the Complaint that the Executive Director's position remained open after Plaintiff's application was rejected and that the Board/RLD Defendants were nonetheless seeking applicants with Plaintiff's qualifications. Without more information, I can only conclude that Plaintiff has not suffered a Title VII injury by the Board/RLD Defendants. Consequently, I find that Plaintiff has not shown that there is a case or controversy with respect to Count I. Moreover, Count I fails to state a Title VII claim. For these reasons, I further find that Count I should be dismissed without prejudice.

With respect to the § 1983 claim in Count II, Plaintiff alleges that he was harmed by the Board/RLD Defendants because as a qualified RIFed employee he should have been hired as Executive Director. In this § 1983 context, it is irrelevant whether anyone has filled the position of Executive Director. What is relevant is that Plaintiff was not selected although he is allegedly qualified and entitled to the position as a RIFed employee according to the State Personnel Office regulations. Under these circumstances, I find that Plaintiff has alleged a sufficient injury by the Board/RLD Defendants to establish standing and a case or controversy under Count II of the Complaint.

> **B. Failure to State a § 1983 Cause of Action Against the State Entities and Individual Defendants in their Official Capacities**

Plaintiff agrees with Defendants that Eleventh Amendment immunity bars a § 1983 cause of action against the Board, RLD, and the remaining individual defendants in their official capacities for money damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (arms of the state are not "persons" for purposes of § 1983 and cannot be sued for damages under that statute in either federal or state court; likewise, where money damages are sought in a § 1983 action, a state or a state official sued in his official capacity is not a "person" for § 1983 purposes, and cannot be sued under § 1983 in state or federal court). Plaintiff's Complaint, however, appears to allege a § 1983 cause of action against the Board and RLD and is unclear as to whether the individual defendants are being sued in their official capacities for money damages. To clarify this matter, I will dismiss with prejudice the § 1983 cause of action against the Board, RLD, and the individual defendants in their official capacities for money damages.

### C. Qualified Immunity for the Individual Defendants in Their Individual Capacities

Defendants also argue that the individual defendants are entitled to qualified immunity in their individual capacities and should, therefore, have the § 1983 action dismissed against them entirely. The individual defendants contend that the Complaint is vague and conclusory as to specifically what each of the individual defendants did to violate § 1983. Plaintiff seeks leave to amend his Complaint should this Court find that the Complaint lacks specificity.

Qualified immunity will shield a defendant from liability under § 1983 if his or her actions did not "violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A heightened pleading standard applies, however, to a qualified immunity defense. *Breidenbach v. Bolish*, 126 F.3d 1288, 1293 (10th Cir. 1997). Where qualified immunity is raised in a FED. R. CIV. P. 12(b)(6) motion, the complaint must contain specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law. *Id*.

In this case, Plaintiff generally alleges that because of his race, the Board/RLD Defendants violated § 1983 by not rehiring him as required by the State Personnel Office regulations. Plaintiff has not made any specific allegations about the actions or motives of Defendants Shannon and Otten. With respect to Defendant Henley, Plaintiff only states that Henley informed Plaintiff that he was not selected to fill the position of Executive Director. Although the Complaint is vague and non-specific, it may nonetheless be preferable to ask for more specific allegations "before resolving the immunity question, which sometimes requires complicated analysis of legal issues." *Crawford-El v. Britton*,

523 U.S. 574, 597 (1998). *See also Breidenbach*, 126 F.3d at 1293 (amendment of complaint permitted when complaint is vague). I find that the circumstances in this case warrant that the Court grant Plaintiff's request to amend his Complaint to make more specific allegations. Only after Plaintiff has had an opportunity to amend his Complaint will the Court entertain any qualified immunity defenses.

### D. Punitive Damages

Defendants further argue that Plaintiff cannot seek punitive damages from the state entities and the individual defendants in their official capacities. Plaintiff agrees with Defendants. *See Newport v. Facts Concert*, 453 U.S. 247, 267 (1981) (punitive damages not awarded against governmental entity); *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (suits against government officials in their official capacity are treated as suits against the government itself). The Complaint simply is not clear as to which Defendants Plaintiff is seeking punitive damages from. Accordingly, I will clarify the matter by dismissing the punitive damages claims against the state entities and the individual defendants in their official capacities.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss, filed July 20, 1999 *(Doc. 7)* is **granted in part**.

IT IS ALSO ORDERED that Count I is dismissed without prejudice; Count II is dismissed with prejudice as to the Board and RLD as well as the individual Board/RLD Defendants (Defendants Otten, Henley, and Shannon) in their official capacities for money damages; and Count III is dismissed with prejudice thereby entirely dismissing HRD and Defendant Galaz. The sole remaining claim is the § 1983 claim in Count II against the Board, RLD, and the individual Board/RLD

Defendants in their official capacities for injunctive relief and against the individual Board/RLD Defendants in their individual capacities for compensatory, punitive, and injunctive relief.

IT IS FURTHER ORDERED that Plaintiff shall have twenty days from the filing of this Memorandum Opinion and Order to amend his Complaint to provide specific allegations of illegal actions by the individual Board/RLD Defendants.

DATED this 18th day of August, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Herbert M. Silverberg
Santa Fe, New Mexico

Counsel for Defendants:    Robert D. Castille
The Castille Law Firm
Los Alamos, New Mexico