IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOHAMMAD ZABIHI,

    Plaintiff,

vs.                                      No. CIV 98-1282 JC/DJS (ACE)

NEW MEXICO DEPARTMENT OF
REGULATION & LICENSING, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment in Favor of all Defendants on all Counts of the Complaint, filed March 1, 2000 *(Doc. 23)* ("Motion"). The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion is well taken and will be granted.

**I.    Background**

The factual background of this case is described in the Court's Memorandum Opinion and Order *(Doc. 12)*, filed on August 18, 1999. Since that opinion and order, Plaintiff has filed a First Amended Complaint *(Doc. 16)* on September 7, 1999. Count I alleges that Defendants discriminated against Plaintiff based on his race or national origin in violation of Title VII. Count II is a claim under 42 U.S.C. § 1983 that Defendants unlawfully deprived Plaintiff of his constitutionally protected property right to re-employment. Count III alleges that Defendants denied employment to Plaintiff based on his race or national origin in violation of 42 U.S.C. § 1981.

## II.   Standard

Defendants move for summary judgment on all of Plaintiff's claims against all Defendants. Summary judgment should be granted if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *See Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)).

## III.   Discussion

### A.   Title VII Claim

Defendants assert that Plaintiff fails to establish a *prima facie* case of discrimination under Title VII. In order to establish a *prima facie* case, Plaintiff must demonstrate that: 1) he belongs to a racial minority, 2) he applied and was qualified for a job for which the employer was seeking applicants, 3) he was rejected for the position, and 4) the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications. *See Notari v. Denver Water Dep't*, 971 F.2d 585, 588 (10th Cir. 1992) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Defendants contend that Plaintiff fails to meet the fourth prong of a *prima facie* case because Defendants did not continue to seek applicants with Plaintiff's qualifications. Significantly, while Plaintiff alleged in his amended complaint that the Executive Director position remained open after

he was rejected, he failed to allege that Defendants continued to seek similarly qualified applicants. *See* Pl.'s First Am. Compl. *(Doc. 16)*, filed Sep. 7, 1999 ¶ 12. It is further undisputed that Defendants did not continue to seek applications from persons with qualifications similar to those of Plaintiff.[1] Finally, no evidence indicates that the position was filled under the terms of the job posting to which Plaintiff applied.

Plaintiff responds by asserting that: 1) he met the qualifications of the original job posting, and 2) Defendants illegally stopped seeking applicants. Plaintiff's first assertion is of no consequence because it only addresses the second element of a *prima facie* case. In his second assertion, Plaintiff implicitly concedes that he cannot meet the fourth prong set forth in *Notari*. However, Plaintiff contends that Defendants' failure to seek other applicants permits Plaintiff to satisfy the fourth prong by presenting evidence "from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Beaird v. Seagate Tech., Inc.*, 154 F.3d 1159, 1166 (10th Cir. 1998). I am not entirely persuaded that *Beaird* supports Plaintiff's proposition. However, even assuming that it does, Plaintiff does not produce evidence from which a factfinder could infer that Defendants intended to discriminate against Plaintiff based on his race or national origin.

In its entirety, Plaintiff's evidence of Defendants' discriminatory intent consists of: 1) Plaintiff's interactions with members of the Board during his interview, 2) the fact that the original job posting was revised after Plaintiff was interviewed, and 3) Plaintiff's beliefs and conclusions regarding Defendants' motivation. *See* Defs.' Mem. in Supp. of Summ. J. as to all Defs. *(Doc. 24)*

---

[1] Plaintiff concedes that the revised job requirements were "manifestly of a kind that Plaintiff did not have." Pl.'s First Am. Compl. ¶ 13

at 8 ¶¶ 21-25.[2] Plaintiff presents as evidence of racial/national origin discrimination the fact that various Board members "lectured him" about Governor Johnson, and inquired about his communication skills. Plaintiff also concluded that two or three Board members fell asleep or did not pay attention during the interview "because they knew they would not give the job to an Iranian." Zabihi dep. at 33-34, 40-42, 49, Ex. G attached to Defs.' Mot. Assuming that the interview was conducted as Plaintiff alleges, I do not find these incidents sufficient evidence from which a factfinder can infer discriminatory intent. Given the duties of the Executive Director, I find the Board's inquiries into Plaintiff's communication and interpersonal skills within reason. The alleged inattentiveness of some Board members is certainly impolite and could indicate a lack of interest in the interviewee. However, I see no evidence that the Board members' lack of attention demonstrated their intent to deprive Plaintiff of the position because of his race or national origin. Nor is evidence of discriminatory intent reflected in a Board member's comments regarding Governor Johnson. Notably, Plaintiff does not present evidence that the Board conducted interviews differently for other applicants to the position of Executive Director.

Similarly, I do not find that the revision of the job posting is demonstrative of improper discriminatory intent. Although Plaintiff did not possess the qualifications of the new posting, there is no indication that the new ad was intended to screen out applicants of any specific race or national origin. Likewise, the Court cannot accept Plaintiff's evaluations of the Board members' motivations as evidence of their intent. Because Plaintiff is unable to point to specific examples of conduct indicative of improper discrimination, his beliefs are simply allegations regarding Defendants' intent.

---

[2] Plaintiff presents no additional evidence of discriminatory motivation in his response, nor does he dispute the evidence as presented by Defendants.

Defendants correctly note that conclusory allegations will not suffice to defeat a motion for summary judgment. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Moreover, I find that "all of [Plaintiff's] evidence together is insufficient to raise doubts about the [Defendants'] motivation." *Id.* Plaintiff fails to establish the fourth prong of a *prima facie* case of discrimination based on his race or national origin. Consequently, summary judgment will be granted in favor of Defendants on Plaintiff's Title VII claim.

*Pretext*

However, assuming that Plaintiff had successfully established a *prima facie* case under Title VII, he fails to demonstrate that the legitimate non-discriminatory reasons proffered by Defendants are pretextual. Defendants contend that the primary reason they did not hire Plaintiff is because they desired an Executive Director with a background in pharmacy and legislative matters. Defendants have therefore carried their burden of production under the *McDonnell-Douglas* scheme and shifted the burden to Plaintiff to show pretext. For the reasons discussed above regarding discriminatory motive, Plaintiff is unable to point to sufficient evidence that raises a genuine issue over whether this proffered reason is pretextual. There is insufficient evidence that Defendants intended to deprive Plaintiff of the position of Executive Director because of his race or national origin. Accordingly, Plaintiff's Title VII claim against Defendants will be dismissed.

**B.     Section 1981 Claim**

For purposes of this opinion, the same analysis applies to Plaintiff's § 1981 claim and to his Title VII claim. *See Chacko v. Texas A & M Univ.*, 960 F. Supp. 1180, 1187 (S.D. Texas 1997) (citing *McDonnell Douglas*, 411 U.S. at 802 and *Texas Dep't of Community Affairs v. Burdine*,

450 U.S. 248, 254 (1981), for the burden-shifting framework generally applicable in Title VII and § 1981 cases). Thus, Plaintiff's § 1981 claim fails for essentially the same reasons that his Title VII claim fails. Consequently, summary judgment will be granted in favor of Defendants on Plaintiff's § 1981 claim.

    **C.    Section 1983 Claim**

Plaintiff's § 1983 claim apparently alleges that he was deprived of a property interest without procedural due process when Defendants rejected Plaintiff for the Executive Director position. *See* First Am. Compl. *(Doc. 16)* ¶ 17, 27, 28.[3] Section 1983 protects Plaintiff from the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Holmes v. Regents of the Univ. of Colo.*, 176 F.3d 488 (10th Cir. 1999) (unpublished table decision), *available in* 1999 WL 285826, at **8. Here, Plaintiff alleges a property interest in the position of Executive Director of the Board of Pharmacy.

I find it doubtful that Plaintiff possesses a legitimate property interest in a position which he has never held.[4] However, assuming that state law does provide Plaintiff with a cognizable property interest in the position of Executive Director, implication of that interest does not necessarily imply that a cause of action exists under § 1983. "[T]he Fourteenth Amendment does not protect against all deprivations of property, only against deprivations *without due process of law*." *Atkinson v. City of Fort Collins*, 583 F. Supp. 567, 569 (D. Colo. 1984) (citing *Baker v. McCollan*, 443

---

    [3] I note that Plaintiff's allegations of deprivation of due process are vague and non-specific. For example, while Plaintiff contends that Defendants deprived him of his property interest in the Executive Director position, his allegations fail to clearly indicate how individual Defendants Otten, Henley, and Shannon denied him due process.

    [4] The determination of whether Plaintiff possesses a property interest in this position is based on New Mexico law. *See Cibas v. Lockwood*, No. CIV 90-0341 JC/WWD, 1994 WL 924145, at *13 (D.N.M. Aug. 22, 1994).

U.S. 137, 143 (1979) (emphasis added)). Where adequate remedies are available to Plaintiff under state law, "it is difficult to conceive the manner in which [Plaintiff was] deprived of due process of law." *Id.* For the following reasons, I find that New Mexico provides Plaintiff with adequate remedies under state law.

Plaintiff's § 1983 claim, although clothed in the language of procedural due process, is in essence, a claim for breach of contract. While New Mexico generally grants governmental entities immunity from contract claims, it also provides that claims may proceed where the "actions [are] based on a valid written contract." NMSA 1978, § 37-1-23(A) (1978).[5] Moreover, under state law "mandamus actions [may] be brought against governmental officials requiring them to perform their statutory duty regardless of whether the government enjoy[s] sovereign immunity." *Board of County Comm'rs of San Miguel County v. Risk Management Div.*, 120 N.M. 178, 181, 899 P.2d 1132, 1135 (1995). Plaintiff states a claim for which the state of New Mexico provides an adequate remedy. Thus, Plaintiff does not allege a deprivation of a right, privilege, or immunity secured by the Fourteenth Amendment. Because this case raises no genuine issues concerning procedural due process, summary judgment will be granted in Defendants' favor on Plaintiff's § 1983 claim.

*Qualified Immunity*

Defendants contend that they are entitled to qualified immunity on Plaintiff's § 1983 claim. Assuming that Plaintiff possesses a legitimate property interest in the position of Executive Director and that Defendants' conduct violated Plaintiff's constitutional due process rights, I find that Plaintiff fails to establish that Defendants violated clearly established law. Defendants provide the testimony

---

[5] State administrative regulations with the force of law may form the basis of a valid written contract. *See Silva v. Town of Springer*, 121 N.M. 428, 431, 912 P.2d 304, 307 (Ct. App. 1996) (finding that a town ordinance may suffice as a written contract).

of several state officials from various departments asserting that allowing a current job advertisement to expire and posting a revised version is consistent with administrative policies and regulations. Plaintiff does not point to any testimony to the contrary. Moreover, while one regulation apparently grants certain re-employment rights to laid off employees,[6] another seems to provide the state personnel director with the authority to vary the means through which an agency may advertise and recruit for vacant positions.[7] These regulations are not necessarily in conflict and could have been interpreted to have allowed the series of events that resulted in Plaintiff's rejection for the position of Executive Director. Because the law was not clearly established that Defendants' conduct violated Plaintiff's due process rights, Defendants are entitled to qualified immunity on Plaintiff's § 1983 claim.

I find that Plaintiff's § 1983 claim does not allege a deprivation of a right, privilege, or immunity secured by the Constitution or the laws of the United States. Further, assuming that Defendants violated Plaintiff's constitutional right to due process, Defendants are entitled to qualified immunity because Plaintiff fails to establish that the relevant law was clearly established at the time of the alleged violation.

**IV.    Conclusion**

Plaintiff fails to establish a *prima facie* case of discrimination based on his race or national origin. Plaintiff further fails to demonstrate that Defendants' proffered reasons for refusing to hire him are pretext for discriminatory motives. Accordingly, Plaintiff's Title VII and § 1981 claims will

---

[6] "Reemployment . . . shall extend when a position becomes available . . . provided the former employee meets the established requirements . . . ." 1 NMAC 7.10.10.1.2 (1997).

[7] "The Director shall establish a means to effectively advertise and recruit for vacant positions . . . ." 1 NMAC 7.5.9.1 (1997).

be dismissed. Further, Plaintiff fails to allege a deprivation of a federally protected right under his § 1983 claim and fails to establish a violation of clearly established law at the time of the alleged violation. Consequently, Plaintiff's § 1983 claim will also be dismissed.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment in Favor of all Defendants on all Counts of the Complaint *(Doc. 23)* is **granted** and this cause is dismissed with prejudice.

DATED this 26th day of April, 2000.

                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Herbert M. Silverberg
    Albuquerque, New Mexico

Counsel for Defendants:

    Robert D. Castille
    Castille Law Firm
    Los Alamos, New Mexico